UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00315-MOC

| | |
|---|---|
| TANNA R. PHIPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment.

Among other contentions, plaintiff contends that the ALJ failed to consider the report of Dr. Joseph D. Spataro. M.D., who on June 22, 2004, conducted a consultative evaluation of plaintiff on behalf of the state agency. Plaintiff contends that in failing to consider such opinion, the ALJ committed reversible error under 20 C.F.R. § 404.1527(c), which mandates that the Commissioner consider every medical source opinion by promising claimants that the administration "will evaluate every medical opinion we receive." Id. On its responsive brief, the Commissioner concedes that the ALJ failed to consider Dr. Spataro's opinion, but argues that such error was harmless as there is no evidence that his 2004 opinion provided any linkage to plaintiff's conditions below her date last insured (December 31, 1998) and the impairments plaintiff suffered from prior to her date last insured, citing Johnson v. Barnhart, 434 F.3d 650 (4th Cir. 2005).

1

The court has closely read Dr. Spataro's June 22, 2004, opinion as well as the decision of the Court of Appeals for the Fourth Circuit in Johnson. In Johnson, the ALJ did not fully credit the opinion of plaintiff's treating physician as there was no linkage between the observations of plaintiff's conditions and the plaintiff's date last insured. Id. at 655. While Dr. Spataro observed that plaintiff was oriented in three spheres, Administrative Record ("AR") at 372, he observed, in relevant part, in his objective findings that:

> This is a very pleasant lady with multiple pain syndromes, including trigeminal neuralgia and lumbar radiculopathy with a history of lymphedema as a sequelae to her radical mastectomy in 1988 with an underlying depression that has lasted over the last 15 years and somewhat controlled with Effexor-XR.

AR at 372-373 (emphasis added). While it is very possible that the ALJ will determine that there is no linkage between Dr. Sparato's 2004 consultative opinion and plaintiff's condition on her date last insured, the court cannot agree that such opinion is facially irrelevant to plaintiff's condition as to her date last insured. This lack of consideration makes it difficult for this court to conduct its review of the final decision of the Commissioner. As other courts have found,

> The applicability and relevance of the Commissioner's explanation aside, the fact that it is the Commissioner's explanation rather than the ALJ's is determinative. The role of the court is to evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir.2004) (citation omitted). In the absence of a reviewable explanation by the ALJ of the weight given to State agency medical consultant Woodcock's opinions, remand is required.

Whitmer v. Astrue, 2011 WL 4401678,*3 (W.D.Okla. August 15, 2011). Here, the ALJ's failure to evaluate Dr. Sparato's opinion in any manner not only violates the Commissioner's duty under 20 C.F.R. § 404.1527(c), such failure also violates the duty to explain why the ALJ did not give such opinion any weight and, in this case, any consideration at all. In Hatcher v. Secretary, 898 F.2d 21, 23 (4th Cir. 1989), the Court of Appeals for the Fourth Circuit held that it is

2

> well settled that: "the ALJ is required to make credibility determinations--and therefore sometimes make negative determinations-- about allegations of pain or other nonexertional disabilities. . . . But such decisions should refer specifically to the evidence informing the ALJ's conclusion. This <u>duty of explanation is always an important aspect of the administrative charge</u>, . . . and it is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id. (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985) (citations omitted)).

Here, Dr. Sparato's opinion could be read to bear on plaintiff's subjective complaints before her date last insured. Generally, failure by the Commissioner to consider an entire line of evidence falls well below the minimal level of articulation required by the Social Security Act. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence" that may be placed into the Administrative Record. Parks v. Sullivan, 766 F.Supp. 627, 635 (N.D.Ill. 1991). Unlike many primary care providers or even medical specialists that a claimant may typically visit, state agency physicians, such as Dr. Sparato, are experts in the evaluation of the medical issues in disability claims under the Social Security Act, and the ALJ must consider such expert opinions insofar as they are supported by evidence in the case record. 20 C.F.R. § 404.1527(f) (2007); SSR 96-6P. On remand, the ALJ should consider Dr. Sparato's opinion and, if he chooses not to rely on them, should provide specific, legitimate reasons for disregarding them.

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. As the Commissioner has conceded that the ALJ failed to consider Dr. Sparato's opinion and the court has found such to be reversible error, the court does

not reach plaintiff's other assignments of error and will deny such without prejudice as to reasserting such contentions if this matter again comes before this court.

In remanding this action, the court notes that this is the second remand of this action (see Phipps v. Strue, 3:11cv117 (W.D.N.C.)) and that plaintiff's claim is one of the oldest this court has ever considered, spanning nearly three decades when the date of alleged onset is considered. Respective counsel are encouraged to consider amicable resolution of this matter upon remand.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the plaintiff's Motion for Summary Judgment (#7) is **GRANTED** based on the ALJ's failure to consider the opinion of Dr. Sparato, and the remainder of plaintiff's Motion for Summary Judgment (#7) and the Commissioner's Motion for Summary Judgment (#9) are **DENIED** without prejudice;

(2) the decision of the Commissioner, denying the relief sought by plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner to conduct a new hearing and consider Dr. Sparato's opinion and, if he chooses not to rely on that opinion, the ALJ should provide specific, legitimate reasons for disregarding such opinion, all pursuant to Sentence Four of 42 U.S.C. § 405(g); and

(3) this action is **DISMISSED**.

The Clerk of Court shall enter a Judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure consistent with this Memorandum of Decision and Order.

Signed: January 6, 2014

Max O. Cogburn Jr.
United States District Judge